United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOEL VALERA,
Plaintiff,
v.
VANG, et al.,
Defendants.

Case No. 26-cv-06353-EKL

**ORDER OF SERVICE**

Plaintiff Joel Valera, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. The Court now screens the complaint pursuant to 28 U.S.C. § 1915A, and orders service on Defendants Yang, Wallace, Cabrera, Fimmel, Sanchez, and Johnston.

**DISCUSSION**

**Standard of Review**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Supreme Court has explained the "plausible on its face" standard of *Twombly* as follows: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

**Plaintiff's Allegations**

On March 27, 2025, Correctional Officer Yang was escorting Plaintiff in the prison while handcuffed to waist restraints. ECF No. 1 at 4. Another unknown correctional officer approached, and Yang instructed Plaintiff to sit down. *Id.* Plaintiff lowered himself to the floor and then heard an alarm sound. *Id.* Plaintiff was then kicked about the head, jaw, neck, and the rest of his body by Correctional Officers Yang, Wallace, Cabrera, Fimmel, Sanchez, and Sergeant Johnston. *Id.* Wallace then sat on Plaintiff's back and pushed Plaintiff's legs towards his head causing severe back and neck pain. *Id.* Plaintiff told Defendants he was in severe pain and then Johnston and Walace grabbed Plaintiff by the legs and held him upside down for ten seconds causing more pain. *Id.* at 5. Plaintiff did not resist during this incident. *Id.* Plaintiff was taken to

the infirmary and then transported to an outside hospital. *Id*. at 6. As a result of this assault, Plaintiff suffered permanent injury to his lower back and now must use a walker. *Id*.

**Analysis**

The Eighth Amendment bars prison officials from using excessive force against prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 5-6 (1992). Courts undertake a subjective inquiry as to whether the defendants acted with a sufficiently culpable state of mind and an objective inquiry to determine whether "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id.* at 4.

> Five factors bear on the excessive force analysis in a typical Eighth Amendment claim: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response."

*Bearchild v. Cobban*, 947 F.3d 1130, 1141 (9th Cir. 2020).

Liberally construed, Plaintiff states a claim against Yang, Wallace, Cabrera, Fimmel, Sanchez, and Johnston for excessive force in violation of the Eighth Amendment.

**CONCLUSION**

1. The Court orders that Sergeant Johnston and Correctional Officers Yang, Wallace, Cabrera, Fimmel, and Sanchez be served electronically at Pelican Bay State Prison. If Plaintiff discovers the identity of additional Defendants, he may seek to amend the complaint and add the new individuals.

Service on the listed Defendants will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint (ECF No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk is also requested to serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the Court a completed CDCR Report of E-Service Waiver advising the Court whether Defendants

will be waiving service of process without the need for service by the United States Marshal Service (USMS) or whether Defendants decline to waive service or could not be reached. CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the Court a waiver of service of process for the Defendants if they are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare a USM-285 Form for Defendants if they have not waived service according to the CDCR Report of E-Service Waiver. The Clerk will provide to the USMS the completed USM-285 forms and copies of this order, the summons, and the operative complaint for service upon Defendants if they have not waived service. The Clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. To expedite the resolution of this case, the Court orders:

a. No later than **sixty days** from the date of service, Defendants will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation, will conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they will so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court will be promptly served on the Plaintiff.

b. At the time the dispositive motion is served, Defendants will also serve, on a separate paper, the appropriate notice(s) required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

c. Plaintiff's opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If Defendants file a motion for summary judgment claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).

d. If Defendants wish to file a reply brief, they will do so no later than fifteen days after the opposition is served upon him.

e. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 8, 2026

Eumi K. Lee
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If Defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If Defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.